PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Marino Bernard Scott  　　　　　Docket Number: 12-cr-00460-REB-01

**Petition for Modification of Conditions of Supervised Release**

　　　　COMES NOW, Kathleen A. Keenan, probation officer of the court, presenting an official report upon the conduct and attitude of Marino Bernard Scott who was placed on supervision by the Honorable Aleta A. Trauger sitting in the court at Nashville, Tennessee, on the 8th day of May, 2007, who fixed the period of supervision at 3 years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall pay restitution to the victim identified in the presentence report in the amount totaling $35.00.  Payments shall be submitted to the United States District Court Clerk's Office, Eight Floor, 801 Broadway, Nashville, TN 37203.  Restitution is due immediately and is to be paid jointly and severally with all defendants in this case.  If the defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program.  Should there be an unpaid balance when supervision commences, the defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the defendant's gross monthly income.  No interest shall accrue as long as the defendant remains in compliance with the payment schedule ordered.  Pursuant to 18 U.S.C. §3664(k), the defendant shall notify the Court and the United States Attorney of any material change in economic circumstances that might effect ability to pay.

2. The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30 day inpatient treatment program followed by up to 90 days in a residential reentry center at the discretion of the U.S. Probation Office.

3. The defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the U.S. Probation Office upon request.

4. The defendant shall maintain verifiable employment subject to the approval of the United States Probation Office and provide any documentation requested b the United States Probation Office.

5. The defendant shall not operate a motor vehicle without a valid driver's license.

6. The defendant is prohibited from owning, carrying or possessing firearms, destructive devices or other dangerous weapons.

7. The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Office.

PROB 12
(02/05-D/CO)

On November 5, 2012, jurisdiction was transferred from the Middle District of Tennessee to the District of Colorado.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the defendant's conditions of supervised release be modified to include the following conditions:

8. The defendant shall reside in an approved Residential Reentry Center (RRC) for a period of up to 6 months, to commence at the discretion of the Probation Office, and the defendant shall observe the rules of that facility. The defendant may be discharged earlier than 6 months, by the Probation Office, if the defendant is determined to be in full compliance with the conditions of supervision.

9. During the defendant's Residential Reentry Center (RRC) stay, he shall comply with the rules of the RRC Location Monitoring Program (LMP) which includes passive Global Positioning System (GPS) tracking. The defendant shall wear all necessary GPS tracking devices and comply with all other LMP rules/procedures specified by the RRC. The RRC reserves the right to request reimbursement from the defendant for the full cost of any electronic monitoring equipment that is lost or intentionally damaged.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 16th day of April, 2013, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | *s/ Kathleen A. Keenan* |
| | Kathleen A. Keenan |
| **s/ Robert E. Blackburn** | Senior United States Probation Officer |
| Robert E. Blackburn | Place: Colorado Springs, Colorado |
| United States District Judge | Date: April 15, 2013 |

**ATTACHMENT**

On May 8, 2007, the defendant was sentenced in the Middle District of Tennessee to 75 months imprisonment and 3 years supervised release.  On February 14, 2012, the defendant released to a detainer.  On April 4, 2012, the defendant released from custody and his term of supervision commenced in the District of Colorado.  On November 5, 2012, jurisdiction was transferred from the Middle District of Tennessee to the District of Colorado and assigned to Your Honor.

On April 9, 2012, the conditions of supervised release were read and explained to the defendant.  On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided with a copy of them.  The term of supervised release commenced on April 4, 2012.

On November 27, 2012, the defendant received a traffic citation for Driving a Vehicle without a Driver's License; Driving Under Restraint; No Proof of Insurance, and Failure to Stop at a Red Light.  Charges were filed in El Paso County Traffic Court Docket No. 2012-T-13401.  On March 3, 2013, the defendant entered a plea of guilty to Driving a Vehicle without a Driver's License.  On that same date, the defendant was granted a one year deferred sentence with conditions that he complete 25 hours of community service by February 12, 2014; pay court costs totaling $67.50; obtain a driver's license by January 12, 2014, and have no traffic infractions during the period of the deferred sentence.

On December 12, 2012, the defendant submitted a urine sample at Alano House, Inc., our federally contracted substance abuse program, that tested positive for the use of cocaine.  On December 20, 2012, I met with the defendant and he admitted to the use of cocaine on or about the date in question.  The defendant stated he purchased and smoked a marihuana cigarette, and later found out it had been laced with cocaine.  In response, the defendant was directed to participate in a Relapse Prevention Group and I requested jurisdiction be transferred from the Middle District of Tennessee to the District of Colorado.  In addition to the positive urine sample, the defendant had failed to submit to drug testing as directed on two occasions, and had submitted diluted urine specimens on 6 occasions, including the sample he submitted on December 12, 2012.

On March 22, 2013, and again on April 1, 2013, the defendant submitted urine samples that tested positive for the use of cocaine.  On April 2, 2013, the defendant admitted to the use of cocaine prior to March 22, 2013.  The defendant specifically reported that he ingested the drug while his wife was out of town.  On April 7, 2013, I met with the defendant at his residence to discuss the positive result for the use of cocaine on April 1, 2013.  The defendant denied any further use of cocaine, and claimed that the positive test on April 1, 2013, was a residual effect from his use on March 22, 2013.

Of concern, is that during her absence from the home, the defendant was responsible for the care of her disabled brother.  The defendant's wife reports that she is not sure that she wants to continue their relationship.  She feels that the defendant needs to focus more on his substance abuse issues, and that it would be best if he not remain in the residence at this time.  I agree that the defendant needs further structure. Therefore, I am recommending a modification of his conditions of supervised release to include placement in a residential reentry center where he can be more closely monitored and can continue to address his drug addiction.

On April 10, 2013, and April 12, 2013, respectfully, the defendant and his attorney executed a form entitled "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modifications of the conditions of supervised release.  AUSA James Allison has been consulted and has no objection to the proposed modification.