# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U. S. A. vs. MARINO BERNARD SCOTT          Docket Number: 12-cr-00460-REB-01

## Petition for Modification of Conditions of Supervised Release

COMES NOW, Kathleen A. Keenan, probation officer of the court, presenting an official report upon the conduct and attitude of Marino Bernard Scott who was placed on supervision by the Honorable Aleta A. Trauger sitting in the court at Nashville, Tennessee, on the 8th day of May, 2007, who fixed the period of supervision at 3 years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.     The defendant shall pay restitution to the victim identified in the presentence report in the amount totaling $35.00.  Payments shall be submitted to the United States District Court Clerk's Office, Eighth Floor, 801 Broadway, Nashville, TN 37203.  Restitution is due immediately and is to be paid jointly and severally with all defendants in this case.  If the defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program.  Should there be an unpaid balance when supervision commences, the defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the defendant's gross monthly income.  No interest shall accrue as long as the defendant remains in compliance with the payment schedule ordered.  Pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the Court and the United States Attorney of any material change in economic circumstances that might effect ability to pay.

2.     The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the discretion of the U.S. Probation Office.

3.     The defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the U.S. Probation Office upon request.

4.     The defendant shall maintain verifiable employment subject to the approval of the United States Probation Office and provide any documentation requested by the United States Probation Office.

5.     The defendant shall not operate a motor vehicle without a valid driver's license.

6.     The defendant is prohibited from owning, carrying or possessing firearms, destructive devices or other dangerous weapons.

7.     The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Office.

On November 5, 2012, jurisdiction was transferred from the Middle District of Tennessee to the District of Colorado.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the defendant's conditions of supervised release be modified to include the following condition:

8.  The defendant shall participate in a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant will be required to pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

ORDER OF THE COURT

Considered and ordered this 10th  day of April, 2014, and ordered filed and made a part of the record in the above case.

I declare under penalty of perjury that the foregoing is true and correct.

*s/ Kathleen A. Keenan*

Kathleen A. Keenan
Senior United States Probation Officer

**s/ Robert E. Blackburn**

Robert E. Blackburn
United States District Judge

Place:  Colorado Springs, Colorado

Date:  April 10, 2014

# ATTACHMENT

On May 8, 2007, the defendant was sentenced in the Middle District of Tennessee to 75 months imprisonment and 3 years supervised release.  On February 14, 2012, the defendant released to a detainer.  On April 4, 2012, the defendant released from custody and his term of supervision commenced in the District of Colorado.  On November 5, 2012, jurisdiction was transferred from the Middle District of Tennessee to the District of Colorado and assigned to Your Honor.

On April 9, 2012, the conditions of supervised release were read and explained to the defendant.  On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided with a copy of them.  The term of supervised release commenced on April 4, 2012.

On March 25, 2014, the defendant submitted a urine sample at Alano House, our federally contracted substance abuse program, that tested positive for the use of marihuana.  On April 8, 2014, I met with the defendant and he admitted to the use of marihuana.  The defendant reported that he and his wife had been arguing and he used his wife's medical marihuana to calm down.  He reported the week prior, he sought out medical assistance due to the stress at home.  The defendant was diagnosed with an ulcer and prescribed medications to assist him with being able to sleep.  The defendant has requested mental health assistance.  Based on his earlier history on supervision, which included positive drug tests for cocaine, we discussed additional treatment.  The defendant has been screened for placement in a sober living home to address his substance abuse and provide him with a break from his residence wherein he can focus on his sobriety and mental health well-being.  In addition, the defendant and his wife will continue in marital counseling.

On April 8, 2014, the defendant executed a form entitled "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modification of the conditions of supervised release.