PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. MARINO BERNARD SCOTT     Docket Number: 12-cr-00460-REB-01

**Petition for issuance of a Warrant for Violations of Supervised Release**

  COMES NOW, Kathleen A. Keenan, probation officer of the court, presenting an official report upon the conduct and attitude of Marino Bernard Scott who was placed on supervision by the Honorable Aleta A. Trauger sitting in the court at Nashville, Tennessee, on the 8th day of May, 2007, who fixed the period of supervision at 3 years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall pay restitution to the victim identified in the presentence report in the amount totaling $35.00. Payments shall be submitted to the United States District Court Clerk's Office, Eighth Floor, 801 Broadway, Nashville, TN 37203. Restitution is due immediately and is to be paid jointly and severally with all defendants in this case. If the defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be an unpaid balance when supervision commences, the defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the defendant's gross monthly income. No interest shall accrue as long as the defendant remains in compliance with the payment schedule ordered. Pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the Court and the United States Attorney of any material change in economic circumstances that might effect ability to pay.

2. The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the discretion of the U.S. Probation Office.

3. The defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the U.S. Probation Office upon request.

4. The defendant shall maintain verifiable employment subject to the approval of the United States Probation Office and provide any documentation requested by the United States Probation Office.

5. The defendant shall not operate a motor vehicle without a valid driver's license.

6. The defendant is prohibited from owning, carrying or possessing firearms, destructive devices or other dangerous weapons.

7. The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Office.

PROB 12
(02/05-D/CO)

On November 5, 2012, jurisdiction was transferred from the Middle District of Tennessee to the District of Colorado and assigned to Your Honor.

On April 10, 2014, the defendant's conditions of supervised release were modified to include the following condition:

8. The defendant shall participate in a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant will be required to pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant for violations of supervised release and that the petition and warrant be sealed until the arrest of the defendant. Subsequent to the arrest of the defendant, that the Court consider revocation of supervised release.

ORDER OF THE COURT

Considered and ordered this 16th day of May, 2014, and ordered filed under seal and made a part of the record in the above case.

**s/ Robert E. Blackburn**

Robert E. Blackburn
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

*s/ Kathleen A. Keenan*

Kathleen A. Keenan
Senior United States Probation Officer

Place: Colorado Springs, Colorado
Date: May 15, 2014

**ATTACHMENT**

On May 8, 2007, the defendant was sentenced in the Middle District of Tennessee to 75 months imprisonment and 3 years supervised release. On February 14, 2012, the defendant released to a detainer. On April 4, 2012, the defendant released from custody and his term of supervision commenced in the District of Colorado. On November 5, 2012, jurisdiction was transferred from the Middle District of Tennessee to the District of Colorado and assigned to Your Honor.

On April 9, 2012, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided with a copy of them. The term of supervised release commenced on April 4, 2012.

The defendant has committed the following violations of supervised release:

**1.      POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about December 12, 2012, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On December 12, 2012, the defendant submitted a urine sample at Alano House, our federally contracted substance abuse program, that tested positive for the use of cocaine. On December 20, 2012, I met with the defendant and he admitted he smoked marihuana that had been laced with cocaine. Although the defendant had submitted a number of diluted urine samples at the treatment agency, he reported this was his only use of illegal drugs. In response, the defendant's substance abuse treatment regimen was increased as was the frequency of drug testing.

**2.      POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about March 22, 2013, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On March 22, 2013, the defendant submitted a urine sample at Alano House, our federally contracted substance abuse program, that tested positive for the use of cocaine. On April 2, 2013, I met with the defendant and he admitted to the use of cocaine. The defendant reported his wife was out of town so he used the cocaine. It is noted that during this time frame, the defendant was responsible for the care of his mentally disabled brother-in-law.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about April 1, 2013, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On April 1, 2013, the defendant submitted a urine sample at Alano House, our federally contracted substance abuse program, that tested positive for the use of cocaine. On April 7, 2013, I met with the defendant and he denied any further use of cocaine since March 22, 2013. I pointed out to the defendant that the positive result of April 1, 2013, could not be a result of residual use. In response, the defendant's conditions of supervised release were modified to include placement in a residential reentry center and the defendant continued in substance abuse treatment.

4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about March 25, 2014, the defendant used or administered a controlled substance, marihuana, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On March 25, 2014, the defendant submitted a urine sample at Alano House, our federally contracted substance abuse program, that tested positive for the use of marihuana. On April 8, 2014, I met with the defendant and he admitted to the use of marihuana. The defendant reported that he and his wife had been arguing and he used his wife's medical marihuana to calm down. The defendant reported being stressed out due to his relationship with his wife. In response, the defendant's conditions of supervised release were modified to include mental health treatment. In addition, the defendant was screened for possible placement in a sober living home.

5. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about May 8, 2014, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On May 8, 2014, the defendant submitted a urine sample at Alano House, our federally contracted substance abuse program, that tested positive for the use of cocaine. On May 15, 2014, I met with the defendant and he admitted to the use of cocaine. The defendant reported that he asked an individual whom he had previously worked with to purchase the cocaine for him. The defendant knew that this individual used illegal drugs and had access to illegal drugs. The defendant continued to report that he sought out the cocaine and used it because of his marital situation. It is noted he has been participating in and has had access to mental health/substance abuse counseling to address stressors.