# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation of Supervised Release**) |
| v. | Case Number:  12-cr-00460-REB-01 |
| MARINO BERNARD SCOTT | USM Number:  18161-075 |
| | Warren Williamson, AFPD<br>(Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 1, 2, 3, 4 and 5, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Possession and Use of a Controlled Substance | 12/12/12 |
| 2 | Possession and Use of a Controlled Substance | 03/22/13 |

   The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

   It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

   It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

September 17, 2014
Date of Imposition of Judgment

**s/ Robert E. Blackburn**
Signature of Judge

Robert E. Blackburn, U.S. District Judge
Name & Title of Judge

**September 25, 2014**
Date

DEFENDANT:  MARINO BERNARD SCOTT
CASE NUMBER:  12-cr-00460-REB-01                                              Judgment-Page 2 of 5

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Possession and Use of a Controlled Substance | 04/01/13 |
| 4 | Possession and Use of a Controlled Substance | 03/25/14 |
| 5 | Possession and Use of a Controlled Substance | 05/08/14 |

DEFENDANT:  MARINO BERNARD SCOTT
CASE NUMBER:  12-cr-00460-REB-01                                                               Judgment-Page 3 of 5

## SUPERVISED RELEASE

The defendant is hereby placed on supervised release, with the original expiration date of April 3, 2015.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page. (set forth below).

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

DEFENDANT:  MARINO BERNARD SCOTT
CASE NUMBER:  12-cr-00460-REB-01                                            Judgment-Page 4 of 5

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall pay restitution to the victim identified in the presentence report in an amount totaling $35.00.  Payments shall be submitted to the United States District Court Clerk's Office, Eighth Floor, 801 Broadway, Nashville, TN 37203.  Restitution is due immediately and is to be paid jointly and severally with all defendants in this case.  If the defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be an unpaid balance when supervision commences, the defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the defendant's gross monthly income.  No interest shall accrue as long as the defendant remains in compliance with the payment schedule ordered.  Pursuant to 18 U.S.C. § 3664(k), the defendant shall notify the Court and United States Attorney of any material change in economic circumstances that might effect ability to pay.

2) The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the U.S. Probation Office.

3) The defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the U.S. Probation Officer upon request.

4) The defendant shall maintain verifiable employment subject to the approval of the United States Probation Office and provide any documentation requested by the United States Probation Office.

5) The defendant shall not operate a motor vehicle without a valid driver's license.

6) The defendant is prohibited from owning, carrying or possessing firearms, destructive devices or other dangerous weapons.

7) The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Office.

8) The defendant shall participate in a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant will be required to pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

DEFENDANT:  MARINO BERNARD SCOTT  
CASE NUMBER:  12-cr-00460-REB-01                                                                                  Judgment-Page 5 of 5

9) The defendant shall reside in an approved Residential Reentry Center (RRC) for a period of up to 6 months, to commence at the discretion of the Probation Officer, and the defendant shall observe the rules of that facility.  The defendant may be discharged earlier than 6 months, by the Probation Office, if the defendant is determined to be in full compliance with the conditions of supervision.

10) During the defendant's Residential Reentry Center (RRC) stay, he shall comply with the rules of the RRC Location Monitoring Program (LMP) which includes passive Global Positioning System (GPS) tracking.  The defendant shall wear all necessary GPS tracking devices and comply with other LMP rules/procedures specified by the RRC.  The RRC reserves the right to request reimbursement from the defendant for the full cost of any electronic monitoring equipment that is lost or intentionally damaged.

11) That, as directed by his probation officer, the defendant shall reside in a sober living home for a period of up to 180 days, during which time the defendant shall follow all rules, regulations, policies, directives, orders, and contractual provisions, if any.

12) That provided furthermore, that if terminated from this program prior to 180 days, the defendant shall reside in an approved residential reentry center, an RRC, until the expiration of his term of supervised release or as otherwise ordered by the Court, again subject to all rules, regulations, policies, directives, orders, and contractual provisions, if any, of the RRC.